United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASTARTE DAVIS,<br><br>        Plaintiff,<br><br>    v.<br><br>JOAN MAHER, et al.,<br><br>        Defendants. | Case No. 23-cv-04147-TLT<br><br>**ORDER DISMISSING CASE**<br>Re: Dkt. No. 1 |

Plaintiff Astarte Davis brings suit against her former husband Loyal Davis, Loyal's "live[-]in companion" Joan Maher, his mother Betty Davis, his attorney Stephen Kaufmann, and the Marin County Superior Court Trustee. *See* Compl. ¶¶ 11, 15, 24, ECF No. 1. She seeks property that she shared with Loyal that she lost in a state court proceeding in 1975. *See id.* ¶¶ 78–140. Considering the issue sua sponte, the Court holds that it lacks subject matter jurisdiction. It therefore **DISMISSES** the Complaint **WITHOUT LEAVE TO AMEND**.

I.    **BACKGROUND**

Loyal and Ms. Davis were married in 1958. *Id.* ¶ 78. Together, they acquired "multiple pieces of real property in joint tenancy." *Id.* ¶ 79. In 1969, Loyal filed for an annulment. *Id.* Shortly after filing for the annulment, he allegedly forged Ms. Davis's signature and conveyed some of the property to his mother Betty. *Id.* ¶ 172. Loyal's request for an annulment was granted because the state court determined that Ms. Davis was already married when she married Loyal. *Id.* ¶ 380. During the annulment proceedings, the state court also found that the conveyance to Loyal's mother was "validly signed, notarized, and recorded." *Id.* ¶ 426. As a result of the annulment and the court's finding on the conveyance, Ms. Davis lost her right to the property she and Loyal had acquired. *Id.* ¶ 411.

1    She filed this action roughly forty years later, on August 15, 2023. She raises various
2    claims under state law, including for breach of fiduciary duty, rescission, unjust enrichment,
3    criminal and civil fraud, conspiracy to commit fraud, and intentional infliction of emotional
4    distress ("IIED"). *See id.* ¶¶ 166–529. In essence, she asks the Court to void the state court's
5    judgment on the property conveyance. *Id.* ¶¶ 483–91.

6    Ms. Davis has brought a slew of similar cases in the past. *See Davis v. Seeborg*, 3:21-cv-
7    01287 (N.D. Cal. Feb. 18, 2021); *Davis v. Wilson*, 3:20-cv-02657 (N.D. Cal. Apr. 13, 2020);
8    *Davis v. Davis*, 3:18-cv-00094 (N.D. Cal. July 27, 2018). The complaints in these cases are based
9    on the same set of underlying facts as the Complaint here. *Compare* Compl., *with* Compl., *Davis
10   v. Seeborg*, ECF No. 1; Compl., *Davis v. Wilson*, ECF No. 1; *and* 2d Am. Compl., *Davis v. Davis*,
11   ECF No. 27. Though the complaints resemble one another, the parties have changed; in fact, in
12   one case, Ms. Davis sued the federal judges who presided over her earlier lawsuits. *See, e.g.*,
13   Compl. ¶¶ 10–11, *Davis v. Seeborg* (bringing claims against Judges Seeborg and Beeler).

14   In the case with allegations most similar to this one, Judge Seeborg dismissed the
15   complaint for want of subject matter jurisdiction and gave Ms. Davis leave to amend. *See Davis v.
16   Davis*, No. 18-CV-00094-RS, 2018 WL 3069308, at *1 (N.D. Cal. Apr. 25, 2018). Judge Seeborg
17   first held that Ms. Davis had failed to allege a claim that arose under federal law. *See id.* at *2–4.
18   He then held that even if she had, the court "would still be barred from exercising subject matter
19   jurisdiction by the *Rooker-Feldman* doctrine," which stops federal courts from reviewing cases
20   that seek to appeal state court judgments. *Id.* at *4–5.

21   On top of these property disputes, Ms. Davis has brought actions in the Northern District
22   multiple times before—largely petitions for habeas corpus and civil rights complaints. *See, e.g.*,
23   3:07-cv-00485, *Davis-Rice v. Clark* (N.D. Cal. Jan. 24, 2007); 3:06-cv-5219, *Davis-Rice v. Clark*
24   (N.D. Cal. Aug. 24, 2006); 3:06-cv-04072, *Davis-Rice v. Clark* (N.D. Cal. June 6, 2006); 4:05-cv-
25   02766, *Davis-Rice v. USA* (N.D. Cal. July 6, 2005); 3:05-cv-00869, *Davis-Rice v. Clark* (N.D.
26   Cal. Mar. 1, 2005); 4:04-cv-04636, *Davis-Rice v. USA* (N.D. Cal. Nov. 2, 2004); 4:03-cv-00464,
27   *Davis-Rice v. USA* (N.D. Cal. Feb. 3, 2003).
28

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal quotation marks omitted)). Courts have a duty to consider their own subject matter jurisdiction sua sponte, *see* Fed. R. Civ. P. 12(h)(3), and the plaintiff bears the burden of establishing the existence of subject matter jurisdiction, *see Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). If a court determines it lacks subject matter jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3); *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003).

## III. DISCUSSION

### A. The *Rooker-Feldman* doctrine bars federal review of state court decisions.

As a basis for jurisdiction, Ms. Davis relies on various federal statutes, for instance 42 U.S.C. § 1983. *See* Am. Compl. ¶¶ 2–7. The Court is doubtful that any of these statutes confer jurisdiction in this case—yet whether or not they do, the Court finds that it lacks jurisdiction because of the *Rooker-Feldman* doctrine.

"The *Rooker–Feldman* doctrine is a well-established jurisdictional rule prohibiting federal courts from exercising appellate review over final state court judgments." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858–59 (9th Cir. 2008) (collecting cases). "The clearest case for dismissal based on the *Rooker–Feldman* doctrine occurs when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Id.* (quoting *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007)). When a federal court refuses to hear an appeal because of *Rooker-Feldman*, "it must also refuse to decide any issue raised in the suit that is inextricably intertwined with an issue resolved by the state court in its judicial decision." *Doe v. Mann*, 415 F.3d 1038, 1043 (9th Cir. 2005) (internal quotation marks omitted).

Despite *Rooker-Feldman*, "[i]t has long been the law that a plaintiff in federal court can seek to set aside a state court judgment obtained through extrinsic fraud." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1141 (9th Cir. 2004). As Judge Seeborg noted, "[e]xtrinsic fraud is 'conduct

which prevents a party from presenting his claim in court.'" *Davis*, 2018 WL 3069308, at *5 (first quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981); and then citing *Kougasian*, 359 F.3d at 1139). This exception is logical: "for *Rooker–Feldman* to apply, a plaintiff must seek not only to set aside a state court judgment; he or she must also allege a legal error by the state court as the basis for that relief." *Kougasian*, 359 F.3d at 1140 (citing *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)). And "[a] plaintiff alleging extrinsic fraud on a state court is not alleging a legal error by the state court; rather, he or she is alleging a wrongful act by the adverse party." *Id.* at 1140–41 (citing *Noel*, 341 F.3d at 1164). So when "a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction." *Noel*, 341 F.3d at 1164.

### B. Ms. Davis seeks federal review of the state court's decision.

As the gravamen of her Complaint, Ms. Davis asks the Court to review legal errors made by the state court. *See* Compl. ¶¶ 166–529. As Judge Seeborg held in Ms. Davis' earlier case, "[t]o find . . . that Davis has rights to the property she and Loyal acquired while together, this Court would need to declare that their marriage was valid and thereby reverse the state court's judgment to the contrary." *Davis*, 2018 WL 3069308, at *5. "This type of *de facto* appeal is exactly what the *Rooker-Feldm*an doctrine is intended to forbid." *Id.* Indeed, Ms. Davis asks the Court to "void [the] judgment" of the state court. *See, e.g.*, Compl. 67. To the extent that any of her claims—such as her IIED claim—do not directly ask the Court to vacate the state judgment, the Court finds they are "inextricably intertwined with [the] issue[s] resolved by the state court." *See Doe*, 415 F.3d at 1043.

To be sure, Ms. Davis alleges extrinsic fraud, which is an exception to the *Rooker-Feldman* doctrine. *See, e.g.*, Compl. ¶¶ 117–20, 177, 206. As her example of extrinsic fraud, Ms. Davis points to the allegedly fraudulent deed from Loyal to his mother Betty. *See id.* ¶¶ 80–81. She says that she "never saw the fraudulent grant deed until 2016 when she got a copy form the county recorders [sic] office." *Id.* ¶ 81. However, as Judge Seeborg pointed out, Ms. Davis "would have known about the forged deed given to Betty and that Loyal's claims about her previously being married were false." *Davis*, 2018 WL 3069308, at *5. While Ms. Davis claims that her discovering the deed in 2016 constitutes "new evidence," *see* Compl. ¶ 80, at no point

4

does she explain why she could not access the supposedly forged deed prior to 2016, *see generally id.* As a result, the extrinsic evidence exception to *Rooker-Feldman* does not apply. *See Wood*, 644 F.2d at 801. Instead, the doctrine bars the Court from hearing Ms. Davis' case. *See Doe*, 415 F.3d at 1043.

### C. Amendment would be futile.

"A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (internal quotation marks and citations omitted). Leave to amend need not be granted when amendment would be futile. *See also Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). Courts have found amendment would be futile when a plaintiff has already been notified of the deficiencies in their complaint. *See, e.g.*, *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013); *Lesnik v. Eisenmann SE*, 374 F. Supp. 3d 923, 946 (N.D. Cal. 2019). "A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended." *Salameh*, 726 F.3d at 1133 (quoting *Sisseton–Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996)).

The Court finds that amendment would be futile here. Though Ms. Davis has not amended her Complaint in this case, she has effectively amended it by filing similar complaints in separate lawsuits. Indeed, in just one of those lawsuits, she twice amended her complaint. *See* Compl., *Davis v. Davis*, ECF No. 1; 1st Am. Compl. *Davis v. Davis*, ECF No. 22; 2d Am. Compl., *Davis v. Davis*, ECF No. 27. And though this Court has not previously told Ms. Davis the problems with her Complaint, other courts have. Ms. Davis brought up the 2016 deed to Judge Seeborg, arguing that the *Rooker-Feldman* doctrine did not apply. *See* Opp'n. 8–9, 28, *Davis v. Davis*, ECF No. 52. When Judge Seeborg held that the doctrine barred her claims, he advised her that she "ha[d] not shown why she was prevented from raising" this extrinsic fraud issue in the original state action, "nor included additional allegations of fraud . . . beyond those the state court already addressed." *Davis*, 2018 WL 3069308, at *5. The Complaint in this case suffers from the same problem.

Because Ms. Davis has filed multiple similar complaints, and because she has been notified of their defects, the Court finds that amendment would be futile and denies her leave to

amend.  *See Salameh*, 726 F.3d at 1133.

IV.     **CONCLUSION**

In sum, the Court lacks subject matter jurisdiction because of the *Rooker-Feldman* doctrine.  Though pro se plaintiffs are normally given leave to amend their complaints, the Court denies leave to amend here because it would be futile.

**IT IS SO ORDERED.**

Dated: December 29, 2023

TRINA L. THOMPSON
United States District Judge